IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDERICK HERROD, ) | | |
|     BOP No. 15525-010, ) | | |
| ) | | |
|     Plaintiff, ) | | CIVIL ACTION NO. |
| ) | | |
| VS. ) | | 3:25-CV-1857-G-BN |
| ) | | |
| PAMELA BONDI, ) | | |
| ) | | |
|     Defendant. ) | | |

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DENYING LEAVE TO AMEND

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case (the "FCR"). Objections were filed. The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error.

The plaintiff Frederick Herrod's objections generally employ a circular logic that, because he now seeks to add claims challenging various statutes cited in the FCR and a provision of the Administrative Procedure Act ("APA"), the court must reject the FCR. *See* docket entries 23, 24. But Herrod's objections, like his complaint, are frivolous and misunderstand the purpose of the APA to provide

procedures for judicial review of agency action, not statutes and court rules.

Finding no error, the court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

Herrod has also filed motions seeking leave to add additional claims and to substitute Texas Attorney General Ken Paxton as the defendant. *See* docket entries 9, 16, 18, 22, 25, 28.

As to the motions to add additional claims, Rule 15(a) allows parties to amend their complaints once as a matter of course with certain limitations and otherwise requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(1), (2). And, because this rule provides a "strong presumption in favor of granting leave to amend," *Financial Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Investment Corporation*, 660 F.2d 594, 598 (5th Cir. 1981).

One such reason is futility: "If the [pleading], as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces County, Texas*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Board of New Orleans*, 29 F.4th 226, 229 (5th Cir.), *cert. denied*, __ U.S. __,143 S. Ct. 353 (2022)).

The futility analysis "mimics that of a motion to dismiss." *Id*. So, in a civil

case, "the court must determine whether the plaintiff has pleaded 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' such that he has '"state[d] a claim to relief that is plausible on its face."'" *Id*. at 388-89 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, in turn, *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007))).

Herrod filed four motions seeking to add claims. The first appears to seek to add a claim that 28 U.S.C. § 1915(g), 28 U.S.C. § 2244, and 28 U.S.C. § 1331 and Federal Rule of Civil Procedure 8 violate his Fifth Amendment right to due process and, therefore, "ask[s] for the full scope of relief under 5 USC 706(2)(B)." *See* docket entry 9 at 5. As with his original claims, the proposed amendment is frivolous and does not alter the magistrate judge's correct analysis that the APA does not apply to statutes or court rules but only to federal agency action.

Further, to the extent that Herrod seeks to bring a direct due process challenge, that claim also fails. The Fifth Circuit has previously held that 28 U.S.C. § 1915(g) is constitutional because it "does not prevent a prisoner with three strikes from filing civil actions; it merely prohibits him from enjoying IFP status." *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997). Similarly, none of the other statutes or the federal rule Herrod challenges wholly prevents the filing of an action. 28 U.S.C. § 2244 provides a mechanism for an applicant to move for authorization to file in the court of appeals, 28 U.S.C. § 1331 establishes the requirements for federal question

jurisdiction in the district courts, and Federal Rule of Civil Procedure 8 sets out pleading requirements.

As discussed above, Herrod also seeks to add claims under the APA as to statutes and rules referenced in the FCR. See, *e.g.*, docket entry 22 (adding 28 U.S.C. § 636(b), 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1), and Federal Rule of Civil Procedure 12(b)(6)). And, believing that the FCR was based in part on language in a portion of the APA (5 U.S.C. § 703), he also seeks to add a claim challenging that provision of the APA under the APA. But the challenge to those statutes and rule under the APA or otherwise is frivolous for the same reasons as the challenge to the statutes and rule challenged in the original complaint.

Because his proposed amendments are futile, Herrod's motions to amend (docket entries 9, 22, 25, 28) are **DENIED**.

As to the motions to substitute, Herrod seeks to substitute Texas Attorney General Ken Paxton as a defendant in place of United States Attorney General Pamela Bondi. *See* docket entries 16, 18. Herrod initially cited Federal Rule of Civil Procedure 25(d) in support of his claim asserting that, because he had been transferred to the custody of the Texas Department of Criminal Justice after the action was initiated, the "agency action" he challenges under the APA is now under Texas Attorney General Ken Paxton. *See* docket entry 16. But that provision provides for automatic substitution of the successor to a public official sued in an

official capacity, which is not what Herrod seeks here.

Herrod later moved to amend his motion to substitute to seek the substitution under Federal Rule of Civil Procedure 21.  *See* docket entry 18.  But Herrod misunderstands the meaning of the phrase agency action in the APA, and his proposed substitution of the Texas Attorney General in a lawsuit challenging federal statutes and rules of procedure would be illogical, unnecessary, and futile.

Therefore, the motions to substitute (docket entries 16, 18) are **DENIED**.

All other motions are hereby **DENIED**.

**SO ORDERED**.

December 22, 2025.

_____
**A. JOE FISH**
**Senior United States District Judge**